**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **WILFRIDO FLORES-MONTANO,** | ) | |
| Petitioner, | ) | **CIVIL ACTION** |
| | ) | **NO.  18-40047-TSH** |
| **v.** | ) | |
| | ) | |
| **STEPHEN SPAULDING,** | ) | |
| Respondent. | ) | |
| | ) | |

<u>**MEMORANDUM OF DECISION AND ORDER**</u>
**September 10, 2021**

**HILLMAN, D.J.**

Wilfrido Flores-Montano[1] ("Flores-Montano" or "Petitioner") has filed a Petition for a

Writ of  Habeas Corpus pursuant to 28 U.S.C. § 2241 (Docket No. 2)("Petition") seeking release

on the grounds that in violation of the Supreme Court's holding in *Apprendi v. New Jersey*, 530

U.S. 466, 490, 120 S.C.t 2348 (2000) and its progeny[2],  he was sentenced to 292 months

imprisonment after the trial judge determined the drug identity by a preponderance of the

evidence rather than the jury making such determination beyond a reasonable doubt. For the

following reasons, the Court *denies* habeas relief and *dismisses* the Petition.

---

[1]  Petitioner has spelled his name as " Wilfrido Flores-Montano," which is how the Court shall refer to him in this Memorandum of Decision and Order. In numerous court documents and opinions issued by other courts, his name is spelled "Wilfredo Florez-Montano".

[2]  In *Apprendi*, the Supreme Court held that any fact that enhances a defendant's sentence other than a prior conviction must be submitted to the jury and proved beyond a reasonable doubt. *Apprendi,* 530 U.S. at 490, 120 S.C.t 2348. Subsequently, in *Alleyne v. United States*,570 U.S. 99, 133 S.Ct. 2151(2013), the Supreme Court extended the application of *Apprendi* to minimum mandatory sentencing; when a fact alters the legally prescribed punishment so as to aggravate it and produce a higher range of punishment, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury.

**Background**

Petitioner served as a crew member aboard a vessel on which was found 4,600 kilograms

of cocaine.  On May 29, 2002, a federal grand jury in the Middle District of Florida issued an

indictment charging Petitioner with one count of possessing five kilograms or more of a mixture

or substance containing cocaine while aboard a vessel under United States jurisdiction in

violation of 46 U.S.C. App. § 1903(a) and 46 U.S.C. App. § 1903(g), 21 U.S.C. §

841(b)(I)(A)(ii), and 18 U.S.C. § 2.  Petitioner was also indicted on one count of conspiracy to

possess cocaine with intent to distribute while aboard a vessel under United States Jurisdiction,

in violation of Maritime Drug Law Enforcement Act, 46 U.S.C. App. §§ 1903(a), (g) & (j)

(2002).  On October 1, 2002, a jury convicted Petitioner of  both counts. At sentencing, the trial

judge determined the identity of the substance he was convicted of possessing (finding it was

cocaine) and sentenced him to 292 months incarceration (followed by 60 months of supervised

release).  Petitioner appealed his conviction and sentence to the Eleventh Circuit Court of

Appeals. Even though *Apprendi* was decided two years before his trial and conviction, Petitioner

did not raise an *Apprendi* claim at sentencing or on direct appeal. The Eleventh Circuit  upheld

Petitioner's conviction and sentence.

On September 10, 2009, Petitioner filed a motion to vacate his sentence under 28 U.S.C.

§ 2255 in the United States District Court for the Middle District of Florida.  His petition was

denied as time-barred.[3] *See Florez-Montano v. United States*, No. 8:09-CV-1857-T-30EAJ,

Crim. Case No. 8:02-CR-228-T-30EAJ, 2009 WL 3583371 (M.D. Fla. Oct. 27, 2009).  The

Eleventh Circuit affirmed.

---

[3] Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §2244(d), Petitioner had one year after his judgment of conviction became final to file his §2255 petition His judgment of conviction became final on June 2, 2004, and therefore he had  to file the petition by June 2, 2005.  Petitioner filed his § 2255 petition more than four years after the expiration of the statute of limitations.

2

On November 19, 2010, Petitioner filed a § 2241 petition challenging his sentence in the Middle District of Pennsylvania, where he was then incarcerated. Flores-Montano argued that under *Apprendi*, his sentence should be vacated because the judge not the jury determined the identity of the controlled substance. He also argued that in light of this error, he had established his actual innocence.  The court denied his § 2241 petition after finding that he failed to establish that the filing of a petition pursuant to § 2255 would be an inadequate or ineffective avenue for relief. The court also rejected his "actual innocence" claim. The court further noted that Flores-Montano could have raised the *Apprendi*  issue in his direct appeal (or timely filed §2255 petition) but failed to do so. *See Flore-Montano v. Scism*, Civil No. 3:10-cv-2404, 2011 WL 837764 (M.D. Pa. Mar. 4, 2011)(accepting and adopting Report and Recommendation of Magistrate Judge Smyser over Petitioner's objections).

Petitioner's appeal of the dismissal of his § 2241 petition to the Third Circuit was denied on the grounds that he had not established that § 2255 provided an inadequate and ineffective remedy.  *See Florez-Montano v. Scism*, 453 Fed. Appx. 145, 148 (3$^d$ Cir. 2011).    More specifically, the Third Circuit found that he did not satisfy the requirements for relief under § 2241 because: (1) *Apprendi* had been decided prior to his conviction and sentencing, and therefore, he could have raised the issue before the sentencing court, on direct appeal or in a timely § 2255 petition; and (2) under the circumstances, Flores-Montano's claims of actual innocence was meritless. Finding he did not satisfy the requirements for relief under §2241, the Eleventh Circuit affirmed the lower court's dismissal of his petition. *Id.*

## Legal Standard

Generally, a prisoner seeking to attack his sentence collaterally must assert his claim through a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 before the

court which sentenced him. *See United States v. Barrett*, 178 F.3d 34, 50 n. 10 (1ˢᵗ Cir. 1999)

*cert. denied*, 528 U.S. 1176, 120 S.Ct. 1208; *Rogers v. United States*, 180 F.3d 349, 357 n. 15 (1ˢᵗ

Cir. 1999) *cert. denied*, 528 U.S. 1126, 120 S.Ct. 958 (2000)(motion under § 2255 is the

"exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing,

including construction of the sentence itself").  However, §2255(e), the so-called "savings

clause," sets forth limited circumstances under which an inmate may seek to challenge his

sentence pursuant to § 2241 in the district where he is incarcerated. The savings clause provides,

in relevant part, that:

> An application for a writ of habeas corpus ... shall not be entertained if it appears
> that the applicant has failed to apply for relief, by motion, to the court which
> sentenced him, or that such court has denied him relief, unless it also appears that
> the remedy by motion is inadequate or ineffective to test the legality of detention.

28 U.S.C. § 2255(e).  "Courts allow recourse to the savings clause only 'in rare and exceptional

circumstances,' such as those in which the restrictions on § 2255 motions would result in a

'complete miscarriage of justice.'" *Cunningham v. Grondolsky*, 308 F. Supp. 3d 562, 564 (D.

Mass. 2018)(citation to quoted cases omitted). "'Most courts have required a credible allegation

of actual innocence to access the savings clause.'" *Id. (*citation to quoted case omitted). Unlike

§2255, there is no time limit for filing a § 2241 petition. However, where an inmate has

exhausted his remedies under § 2255, he cannot "avail himself of the savings clause to

circumvent the restrictions of § 2255 by filing a motion under § 2241 instead." *Id.*

### Discussion

Before addressing the merits of Petitioner's claim, the court Must determine whether

Flores-Montano may challenge the validity of his conviction and/or sentence by invoking §

2241.  For the reasons set forth below, I find that he cannot and therefore, his Petition is

*dismissed*.

4

Petitioner argues that his sentence exceeded the statutory maximum under *Apprendi* and its progeny. However, as found by the Third Circuit in denying a prior § 2241 petition he filed raising the same claims, Petitioner is not entitled to invoke § 2241, because § 2255 was not an "inadequate or ineffective remedy" given that his constitutional argument under *Apprendi* was decided before he was convicted and sentenced and therefore, could have and should have been raised before the sentencing court, on direct appeal, or in a collateral challenge pursuant to § 2255. *See Florez-Montano v. Scism*, 453 Fed.Appx. at 148.[4] The Third Circuit further found that relief under § 2241 was not available to the Petitioner because *Apprendi*, the case primarily relied on by Petitioner, does not decriminalize the conduct for which he was convicted.

Petitioner has filed a direct appeal and § 2255 petition in the jurisdiction in which he was convicted and sentenced, and a § 2241 in a jurisdiction in which he was previously incarcerated all of which have been denied. The instant Petition does not allege any new facts or legal precedent which establish rare or exceptional circumstances demonstrating that § 2255's procedural restrictions would result in a miscarriage of justice and lead to a different outcome before this Court. Accordingly, his Petition is dismissed.[5]

---

[4] Flores-Montano's petition for relief pursuant to § 2255 was denied on the grounds that it was time-barred as he filed it well past the one-year statute of limitations imposed by the AEDPA. *See supra*, note 2. I agree with the Third Circuit that a timely filed § 2255 petition would have offered him an adequate and effective means of rectifying the errors he alleges in the instant Petition. "That he neglected to avail himself of these opportunities [*i.e.*, to raise the claim at sentencing, on direct appeal, or in a timely filed §2255 petition] in no way detracts from their adequacy and effectiveness." *Trenker*, 536 F. 3d at 99.

[5] Respondent's memorandum in opposition sets forth a detailed and comprehensive discussion of why Petitioner's claims fail both on their merits, and why the Court lacks jurisdiction to address the claims under § 2241.The Court finds those arguments persuasive.

## Conclusion

For the reasons stated above, the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 22 41 (Docket No. 2) is *dismissed*.

## Certificate of Appealability

The statute governing appeals of final orders in habeas corpus proceedings provides that an appeal is not permitted "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). This is a low bar; a claim can be considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

Petitioner has not made a substantial showing that he has been denied a constitutional right. A reasonable jurist could not debate whether the savings clause applies to his case, and even so, the arguments fail on the merits. Accordingly, to the extent applicable in this case, I deny Petitioner a certificate of appealability.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**